IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER DALE CHILDRESS, II, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-2884 |
| GOODLOE MARINE, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On April 19, 2018, Defendants filed a motion for summary judgment (ECF No. 75). Plaintiff responded on June 1 (ECF No. 78) and Defendants replied on July 16 (ECF No. 80). On July 18, Plaintiff moved for leave to file a surreply (ECF No. 81).

"Surreplies are highly disfavored in this District." *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 722 (D. Md. 2017) (quoting *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015)). They may be permitted only "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

Plaintiff *begins* his motion for leave to file a surreply by noting that the Court "has before it approximately 80 pages of argument and numerous exhibits that both support and oppose Defendants' Motion for Summary Judgment," and that "[a]t some point, these arguments must cease and the facts must be weighed." (Mot. for Leave to File Surreply Mem. Supp. 1 (ECF No. 81-1 ("Mem. Supp.")).) The Court agrees, and will deny Plaintiff's motion.

Plaintiff does not direct the Court to any arguments that were raised for the first time in Defendants' Reply. Instead, Plaintiff seeks to file a surreply in order to "set the record straight," and to "identify misstatements, misinformation, and disinformation, and to put the facts into context." (Mem. Supp. at 3.) But Plaintiff identifies no such "disinformation," or, more importantly, any "misstatement," "misinformation" or so forth presented to the Court for the first time in Defendants' Reply. Instead, Plaintiff takes issue with Defendants' characterization of the facts, their arguments regarding expert witnesses, and their decision to highlight certain pieces of evidence over others.

According to Plaintiff, "one would expect that a Reply would not be written as a closing argument." (Mem. Supp. at 4-5.) Frankly, that is often the tone and content of a Reply. Plaintiff has failed to justify the submission of a surreply, and the request to submit a surreply (ECF No. 81) is DENIED.

DATED this 19th day of July, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge